IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RICO M. GARCIA,                )
                               )
        Plaintiff,          )   Case No. 05-479-KI
                               )
vs.                            )   OPINION AND ORDER
                               )
MBNA AMERICAN BANK, N.A., et al., )
                               )
        Defendants.         )

    Rico Garcia
    2835 S. W. Clara Crt.
    Troutdale, Oregon 97060

        Pro Se Plaintiff

    Krista L. White
    Bishop, White, Miersma & Marshall, P. S.
    720 Olive Way, Suite 1301
    P. O. Box 2186
    Seattle, Washington  98101

        Attorney for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Pro se plaintiff Rico Garcia brings this action seeking a declaratory judgment concerning arbitration awards in claims between himself and the defendant banks. Although Garcia's complaint, titled a petition, is not clear, he seems to be seeking a judgment concerning which arbitration awards should be enforced. Before the court is MBNA's Motion to Dismiss Petition for Declaratory Judgment (#5). Plaintiff failed to respond to the motion.

## LEGAL STANDARDS

An argument claiming lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004), cert. denied, 125 S. Ct. 1973 (2005). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contract, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. In a factual attack, the court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Furthermore, the court is not required to presume the truthfulness of the allegations. The party opposing the motion must furnish evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Id.

## DISCUSSION

Garcia mentions a few statutes in his petition and also alleges that diversity jurisdiction exists. Defendants argue that none of the statutes, nor any other allegations in the petition, provide federal subject matter jurisdiction.

The Declaratory Judgment Act, 28 U.S.C. § 2201-2202, does not confer federal subject matter jurisdiction so an independent basis of federal jurisdiction must be pleaded. Nationwide Mutual Insurance Co. v. Liberatore, 408 F.3d 1158, 1161 (9th Cir. 2005).

Similarly, when a petition is brought under the Federal Arbitration Act, the petitioner asking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction. Carter v. Health Net of California, Inc., 374 F.3d 830, 833 (9th Cir. 2004).

That leaves Garcia with diversity jurisdiction, which requires an amount in controversy of $75,000. 28 U.S.C. § 1332. Garcia's petition does not allege an amount in controversy. MBNA provided a copy of the arbitration award in its favor and against Garcia in the amount of $23,515.33. Setting aside the question of whether arbitration awards involving three separate banks are properly joined in this action, Garcia has not provided any evidence that at least $75,000 is in controversy. Thus, he has not met his burden of establishing federal subject matter jurisdiction.

MBNA seeks sanctions under Rule 11 of $1,500, the amount incurred in attorney fees in defense of this action, and an additional sanction of $2,500, an amount to accomplish the goal of deterrence of litigation abuse. MBNA contends the action is frivolous, not well grounded in fact or law, and brought for the improper purpose of harassing defendants. Although I have the inherent authority to award sanctions, I decline to exercise that authority in this instance.

## CONCLUSION

MBNA's Motion to Dismiss Petition for Declaratory Judgment (#5) is granted. MBNA's Motion for Sanctions under FRCP 11 is denied. This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this 6th day of July, 2005.

    /s/ Garr M. King
Garr M. King
United States District Judge